# IN THE COURT OF APPEALS OF IOWA

No. 23-1277
Filed October 11, 2023

**IN THE INTEREST OF P.A,**
**Minor Child,**

**A.B., Mother,**
    Appellant.
_____


Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka, Associate Juvenile Judge.


A mother appeals the termination of her parental rights to a child.
**AFFIRMED.**


Tyler Ries of Reynolds & Kenline, L.L.P., Dubuque, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Taryn R. McCarthy of Clemens, Walters, Conlon, Runde & Hiatt, LLP, Dubuque, attorney and guardian ad litem for minor child.


Considered by Tabor, P.J., Buller, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DOYLE, Senior Judge.**

A mother appeals the termination of her parental rights to a child born in November 2022.[1]  She seeks to delay termination.  Following a de novo review, *see In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022), we affirm the order terminating her parental rights.

The record shows the mother used cocaine during the pregnancy and in the presence of the child after her birth.  Based on the mother's substance-abuse issues, the child was removed from the mother's custody and adjudicated in need of assistance.  In the six months following the child's removal, the mother took no steps to address her substance abuse or maintain a relationship with the child.  As a result, the State petitioned to terminate the mother's parental rights.  After a hearing, the court terminated the mother's parental rights under Iowa Code section 232.116(1)(e), (h), and (*l*) (2023).

The mother raises one claim on appeal, arguing that she should be granted additional time to show the child can be returned to her custody.[2]  Iowa Code section 232.104(2)(b) allows the juvenile court to delay termination for as long as six months if doing so will eliminate the need for the child's removal from the

---

[1] The father's parental rights to the child were also terminated.  He does not appeal.
[2] In her brief, the mother claims that the juvenile court abused its discretion by denying her motion to continue, citing Iowa Rule of Civil Procedure 1.911 (addressing continuation of trial).  As the State notes, the mother never moved to continue the termination hearing.  But at the end of the termination hearing, the mother's attorney asked the court for "more time so that [the mother] can attend . . . inpatient care, get her substance-abuse in check, and then further bond with [the child]."  The court denied the mother's request in the termination order, noting it could not make that determination because the mother "ha[d] yet to even start her substance-abuse treatment."  We interpret the mother's claim as challenging the denial of that request.

parent. But before doing so, the court must state the "specific factors, conditions, or expected behavioral changes" that led the court to a determination that the child's removal will no longer exist at the end of the six-month period. Iowa Code § 232.104(2)(b).

The mother's performance shows the futility of granting more time for reunification. *See In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020) (noting a parent's past performance shows the quality of the future care that parent can provide). The mother made no progress in addressing her substance abuse. Between the child's removal in January and the termination hearing in August, the mother never obtained a substance-abuse evaluation or participated in drug testing. The mother-child bond has fared no better. Of the twenty-four visits the mother was offered with the child, she attended only one and left thirty minutes early.

Children are not equipped with pause buttons. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (holding that the court must not deprive children permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) (noting that if the plan to reconcile parent and child fails, "all extended time must be subtracted from an already shortened life for the children in a better home"). Once the statutory time period for reunification has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children." *In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989). That statute allowed the mother six months from removal. *See* Iowa Code § 232.116(1)(e)(3), (h)(3). For nearly eight months, the mother made no effort. Considering both her past performance and the progress

needed to return the child to her custody, there is no reasonable likelihood that the need for the child's removal will be eliminated in six months. We therefore affirm.

**AFFIRMED.**